## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. No. 13-07763 |
| | ) | |
| JACQUELINE V. KONIDARIS, , | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |

### FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
### AS COUNSEL TO MIRIAM R. STEIN, CHAPTER 7 TRUSTEE OF
### THE BANKRUPTCY ESTATE OF JACQUELINE V. KONIDARIS
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Miriam R. Stein, the Chapter 7 Trustee (the "Trustee"), of the estate of Jacqueline V. Konidaris, (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $7,532.00 for legal services performed as counsel to the Trustee during the period of July 29, 2013 through and including March 31, 2014 (the "Application Period") and reimbursement of expenses totaling $24.42 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1.  On February 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.  Miriam R. Stein ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the Case.

3. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case and on September 3, 2013, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to July 29, 2013.

4. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

5. The Section 341 meeting of creditors was held on April 17, 2013 (the "341 Meeting").

## DEBTOR'S PERSONAL INJURY CASE

6. Prior to the commencement of the Case, the Debtor was involved in a personal injury accident ("Accident") in which the she suffered direct injuries and damages totaling approximately $20,000. This calculation of "special" damages does not include an estimate for pain and suffering.

7. Debtor employed John Fotopoulos to represent her in her Accident claim ("Claim") against Oak and Olympia Donut, Inc. and Oak Forest Donut Property, Inc (the "Defendants").

8. Prior to the Petition Date, Mr. Fotopoulos filed a lawsuit in the Circuit Court of Cook County, Case No. 12 L 65021 (the "Lawsuit").

9. Prior to the Petition Date, Mr. Fotopoulos obtained a default judgment in the Lawsuit against the Defendants in the approximate amount of $90,000 (the "Default Judgment").

10. After the Petition Date, the Defendants filed a motion in the Lawsuit to vacate the Default Judgment due to alleged defects in service.

11. After learning of the Debtor's bankruptcy, Mr. Fotopoulos contacted the Trustee regarding defending the motion to vacate. Additionally, Mr. Fotopoulos informed the Defendants of the Debtor's bankruptcy.

12. In response, the Defendants offered to resolve the Claim and the Lawsuit in return for a payment of $47,500, which was approved by this Court.

13. In addition to the Lawsuit, the Trustee sold the Debtor's vehicle for $3,000.00.

14. This Application seeks allowance of all fees and expenses incurred by FG from July 29, 2013 through and including March 31, 2014. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I.  **SERVICES PERFORMED**

A.  **Administration**                                                                $597.00

FG spent 1.60 hours on issues relating to reviewing Debtor's schedules and various tax issues.

B.  **Litigation**                                                                  $4,218.50

FG spent 11.50 hours reviewing Debtor's litigation documents and settlement proposals; and drafting, filing and appearing in court requesting approval of the settlement.

| | | |
|---|---|---:|
| C. | **Retention of Professionals/Fee Applications** | **$1,462.50** |

FG spent 5.50 hours relating to drafting, filing and appearing in court to employ Trustee's counsel. Within this matter, FG spent 3.80 hours reviewing time and billing invoices and preparing this first and final fee application at a cost of $965.00.

| | | |
|---|---|---:|
| D. | **Sale of Assets** | **$1,254.00** |

FG spent 3.80 hours relating to the sale of Debtor's vehicle and drafting, filing and appearing in court on Trustee's motion to approve sale of right, title and interest in Debtor's vehicle for $3,000.00.

## II.   ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) is an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker. Ms. Smith assisted counsel in case research and case administration.

## III.   CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from July 29, 2013 through and including March 31, 2014. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the Case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the

{STEIN/KONIDARI/00037994.DOC/}

sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of 22.40 hours providing necessary legal services for the Trustee. As a result, compensation in the amount of $7,532.00 was incurred in this first and final fee application for actual, necessary legal services performed (Exhibit A). The average hourly rate is $336.25. In addition, FG has expended the sum of $24.42 for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are at a reduced rate in order to allow a distribution to the claimants in this Case. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $7,532.00;

B.  Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $24.42; and

C.  Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of $7,556.42.

Dated: March 31, 2014                          Respectfully submitted,

                                               FRANK/GECKER LLP


                                               By:___/s/_____Zane L. Zielinski_____
                                                       One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com

{STEIN/KONIDARI/00037994.DOC/}