**FILED**

APR 16 2014

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  )
        )
        )   Case No. 13 B 07763
JACQUELINE V. KONIDARIS,  )
        )
        )
        )   Chapter 7
   Debtor.  )
        )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF FRANKGECKER, LLP, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $7,532.00 | TOTAL COSTS REQUESTED: | $24.42 |
| TOTAL FEES REDUCED: | $689.15 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $6,842.85 | TOTAL COSTS ALLOWED: | $24.42 |

**TOTAL FEES AND COSTS ALLOWED: $6,867.27**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(12)   Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC,* 357 B.R. 563, 577 (Bankr.

N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: April 16, 2014

                                            Eugene R. Wedoff
                                            United States Bankruptcy Judge

Miriam R. Stein, Chapter 7 Trustee                                                                    Page   5
Invoice Dated:  March 31, 2014

---

**Regarding:**  In re: Estate of Jacqueline V. Konidaris; Case No. 13-07763

For Professional Services Rendered Through March 31, 2014                       Invoice #:  6140
Per Attached Description:

|  |  | Hours | Amount |
|---|---|---:|---:|
| | **Retention of Professionals/Fee Applications** | | |
| 8/19/2013 | Review and revise motion to employ trustee's counsel (.40), file and serve same to all interested parties (.30). Christina S. Smith | 0.70 $175.00 | $122.50 ⑫  −52.50 |
| 3/19/2014 | Draft first and final fee application. Zane L. Zielinski | 1.50 $375.00 | $562.50 |
| 3/28/2014 | Review and revise first and final fee application of FrankGecker LLP. Christina S. Smith | 1.30 $175.00 | $227.50 |
| 3/28/2014 | Draft and revise service list and proposed order regarding final fee application of FrankGecker LLP. Christina S. Smith | 1.00 $175.00 | $175.00 |
| 3/31/2014 | (Estimated) Appear in court on final fee application. Zane L. Zielinski | 1.00 $375.00 | $375.00 |
| | **Total Charges This Matter** | 5.50 | $1,462.50 |

$$\frac{\$965 \text{ (fees for fee app)}}{\$6,567 \text{ (fees for other matters)}} = 14.7\%$$

$$\$6,567 \times .05 = \$328.35 \text{ (max fees for fee app)}$$

$$\$965 - \$328.35 = \$636.65 \text{ deduction} \quad ②$$

−$689.15